IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 AUG 29 PM 2: 13
THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
WD OF TN MEMPHIS

JAMES ADAMS,

        Plaintiff,

vs.

PATRICIA GALLOWAY, et al.,

        Defendants.

No. 04-2605-B/An

---

ORDER DENYING DEFENDANTS MOTION TO DISMISS

---

Plaintiff, James Adams, prisoner number 290690, an inmate at the West Tennessee State Penitentiary ("WTSP"), Site III, in Henning, filed a _pro se_ complaint pursuant to 42 U.S.C. § 1983 suing the Sergeant in charge of the WTSP Disciplinary Board, Patricia Galloway, Internal Affairs Officer Michael Ottinger, WTSP Warden Bruce Westbrooks, and former Tennessee Department of Correction (TDOC) Commissioner Donal Campbell.  Adams alleged that he was charged with a disciplinary offense by use of a state statute which did not apply to him and that his right to due process was violated in the manner in which his disciplinary hearing was conducted.  He also claimed that he received ten (10) days punitive segregation, was assessed a fine of $5, and was convicted of a Class A infraction.  Adams further contended that, after exhausting his administrative appeals, he filed a writ of

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-30-05

18

certiorari in Lauderdale Chancery Court which was granted on July
29, 2003.  He submits that the state court judge directed that the
disciplinary infraction be expunged and the $5 fine be returned.

On June 13, 2005, the defendants filed a motion to dismiss.
They contend that because Adams failed to include a certified copy
of the state court judgment, his contention that his disciplinary
conviction has been overturned does not raise a cognizable claim
under § 1983.   Plaintiff has not responded to the defendant's
motion to dismiss.   Nevertheless, the initial complaint was
verified in compliance with 28 U.S.C. § 1746, and the allegations
therein must be considered in the Court's determination.  Williams
v. Browman, 981 F.2d 901, 905 (6th Cir. 1992).

When considering a motion to dismiss, the court must "treat
all of the well-pleaded allegations of the complaint as true."
Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977); see also Saylor
v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992).  The Court
must construe all allegations in the light most favorable to the
plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  "A court
may dismiss a complaint only if it is clear that no relief could be
granted under any set of facts that could be proved consistent with
the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73
(1984).  It must appear beyond doubt that the plaintiff can prove
no set of facts in support of his claim that would entitle him to
relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Furthermore,

a <u>pro</u> <u>se</u> complaint should be construed liberally.   <u>Haines v.</u>
<u>Kerner</u>, 404 U.S. 519 (1972).

Adams alleged that "[o]n June 21, 2002, [he] filed a Writ of
Certiorari Petition for Common Law and Statutory Writ in Chancery
Court, in connection with a disciplinary proceeding held on April
9, 2002." (Complaint, para. 17) He further stated:

> On July 29, 2003, Chancellor Court Judge Martha B.
> Bradsfield [sic] granted the Plaintiff Writ of
> Certiorari, and denied the defendant's motion to dismiss.
> The Court further found that the disciplinary board
> exceeded its jurisdiction and acted illegally,
> fraudulently, arbitrarily and capricious, by finding the
> Plaintiff guilty of a state law statute which did not
> apply to him.   Further the Court ordered that the
> disciplinary infraction be expunged from the Plaintiff's
> record and that the $5.00 fee be placed back into the
> Plaintiff's trust fund account.

(Complaint, para. 18).

Defendants' cited cases attached to the memorandum in support
are not analogous to the facts of this case.   The plaintiffs in
those decisions failed to allege that their disciplinary
convictions were overturned or "expunged."   "Expunged" is commonly
defined as stricken, obliterated, deleted, destroyed, or erased.
<u>Black's Law Dictionary</u> (5th Ed. 1979).   Plaintiff's complaint was
verified in compliance with 28 U.S.C. § 1746, notwithstanding any
failure to attach a copy of his state court judgement, certified or
not.   Defendants' vague and conclusory motion to dismiss does not
deny or dispute Adams' allegation that his disciplinary conviction
was overturned.   Furthermore, no affidavit or exhibit has been

provided which rebuts the specific allegations of plaintiff's complaint despite defendants' access to plaintiff's disciplinary and state court records. Defendants may be able to demonstrate, on summary judgment, that plaintiff's disciplinary conviction was not overturned or his sentence credits not restored. On a motion to dismiss, however, the Court must accept the complaint's allegations as true. Accordingly, the motion to dismiss is DENIED.

IT IS SO ORDERED this ___25___ day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:04-CV-02605 was distributed by fax, mail, or direct printing on August 30, 2005 to the parties listed.

Bradley W. Flippin
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

James Adams
WEST TENNESSEE STATE PENITENTIARY
290690
P.O. Box 1150
Henning, TN 38041--115

Honorable J. Breen
US DISTRICT COURT