```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
_____

                                  ø
JAMES ADAMS,                      ø
                                  ø
        Plaintiff,                ø
                                  ø
vs.                               ø     No. 04-2605-B/An
                                  ø
PATRICIA GALLOWAY, et al.,        ø
                                  ø
        Defendants.               ø
                                  ø
_____

    ORDER SUA SPONTE DISMISSING CLAIMS AGAINST CAMPBELL & WESTBROOK
                              AND
            ORDER GRANTING IN PART AND DENYING IN PART
                DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
_____
```

Plaintiff, James Adams, prisoner number 290690, an inmate at the West Tennessee State Penitentiary ("WTSP"), Site III, in Henning, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 suing the Sergeant in charge of the WTSP Disciplinary Board, Patricia Galloway, Internal Affairs Officer Michael Ottinger, WTSP Warden Bruce Westbrooks, and former Tennessee Department of Correction (TDOC) Commissioner Donal Campbell. Adams alleged that he was charged with and convicted of a disciplinary offense by use of a state statute which did not apply to him, that his right to due process was violated in the manner in which his disciplinary hearing was conducted, and that the foregoing actions of the defendants violated his right to be free from cruel and unusual punishment. He also alleged that he received ten (10) days

punitive segregation, was assessed a fine of $5, and was convicted of a Class A infraction. Adams further claimed that, after exhausting his administrative appeals, he filed a writ of certiorari in Lauderdale Chancery Court which was granted on July 29, 2003. He asserted that the state court judge directed that the disciplinary infraction be expunged and the $5 fine be returned.

On March 1, 2006, the defendants filed a motion for summary judgment, accompanied by a memorandum in support, and copy of the Lauderdale Chancery Court order granting Adams' writ of certiorari and denying defendants' motion to dismiss. Plaintiff responded to the motion to dismiss on April 11, 2006. The bases for defendants' motion for summary judgment are:

1. There is no constitutional right to a particular security classification or job assignment;

2. There is no right to due process in regard to sentence credits and wages that have not yet been earned;

3. Claims against the defendants in their official capacities are barred by sovereign immunity;

4. Plaintiff has no liberty interest in freedom from segregation which is protected by the Due Process Clause; and

5. Plaintiff fails to state a claim under the Eighth Amendment for cruel and unusual punishment.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex

2

>  Corp. v. Catrett, 477 U.S. 317, 322 (1986). "So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

<u>Sua Sponte Order of Dismissal of Claims against Campbell
& Westbrook</u>

The totality of Adams' allegations against Westbrook and Campbell are that Westbrook, as warden of WTSP, and Campbell, as TDOC Commissioner, were responsible for reviewing all administrative appeals of disciplinary charges.  He alleges that action consisted of the Commissioner's concurrence with the Warden affirming his disciplinary conviction and finding no due process violation.

The denial of the appeal of a prisoner's grievance cannot in itself constitute sufficient personal involvement to state a claim of constitutional dimension.  <u>Simpson v. Overton</u>, 79 Fed. Appx. 117, 2003 WL 22435653 (6th Cir. 2003); <u>see</u> <u>also</u> <u>Martin v. Harvey</u>, 14 Fed. Appx. 307, 2001 WL 669983, at *2 (6th Cir. 2001)("The denial of the grievance is not the same as the denial of a request to receive medical care.").  Moreover, § 1983 liability may not be imposed against the defendants for "a mere failure to act" based upon information contained in the grievance.  <u>See</u> <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999); <u>Lillard v. Shelby County Bd. of Educ.</u>, 76 F.3d 716, 727-28 (6th Cir. 1996).

The Court considers the possibility that Adams' allegations may be construed as contending that Campbell and Westbrook ratified the allegedly unconstitutional behavior by failing to investigate or take remedial measures following their review of Adams' grievance or appeal.  Although failure to investigate may give rise

to § 1983 supervisory liability, see Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990) and Marchese v. Lucas, 758 F.2d 181, 188 (6th Cir. 1985), the reasoning in Walker and the analysis in its progeny indicate that evidence of the "failure to investigate" can only establish municipal liability.  In Dyer v. Casey, 1995 WL 712765, at **2 (6th Cir. 1995), the Court stated that "the theory underlying [Marchese and Lucas (citations omitted)] is that the municipality's failure to investigate or discipline amounts to a 'ratification' of the officer's conduct."

In Walker, the Sixth Circuit distinguished Marchese because the Court "imposed the broad investigative responsibilities outlined in Marchese upon the Sheriff in his official capacity." Walker, 917 F.2d at 1457 ("The Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act.").  In 1998, the Sixth Circuit affirmed the dismissal of a claim of supervisory liability based on the "failure to investigate" stating:

> Young's claim against defendants McAninch and Goff is based solely on their alleged failure to investigate defendant Ward's behavior towards Young. Although Young stated that defendants McAninch and Goff had knowledge of his allegations against defendant Ward, this is insufficient to meet the standard that they either condoned, encouraged or knowingly acquiesced in the misconduct.

Young v. Ward, 1998 WL 384564 *1 (6th Cir. 1998). Plaintiff's claims against Campbell and Westbrook in their individual capacities,[1] are without merit and are DISMISSED.

Defendants' Motion for Summary Judgment

Plaintiff's response to defendants' motion for summary judgment contends that defendants misstate the crux of his complaint. The Court agrees. Plaintiff's allegations that he was wrongly convicted of a disciplinary violation, confined to segregation, and deprived of wages from his prison job and sentence credits were procedural history. Adams does not sue for a particular security classification, lost wages, or a liberty interest in freedom from segregation.[2] Plaintiff sues the defendants for charging him with and convicting him under a state statute which was inapplicable to prisoners and for the absence of fair and reasonable notice of the charges against him which deprived him of the ability to prepare a defense. Therefore, grounds 1, 2, and 4 of defendants' motion for summary judgment are without merit and are DENIED.

A suit against a state employee in his official capacity is a suit against the state agency. Hafer v. Melo, 112 S. Ct. 358

---

[1] The Court addresses claims against all defendants in the discussion of Defendants' motion for summary judgment below.

[2] The Court is unsure from the record before it whether any accrued sentence credits were wrongfully forfeited or whether they have been restored and declines to rule on that issue at this time. Plaintiff does not, however, appear to be suing for sentence credits which he could have theoretically earned while confined to segregation.

6

(1991); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); see also Wells v. Brown, 891 F.2d 591 (1989)(even pro se plaintiff must state whether suit is in personal or official capacity). Plaintiff's claims against the defendants in their official capacity is a claim against the State of Tennessee. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Graham, 473 U.S. at 165-66; Pennhurst, 465 U.S. at 98-100; Quern v. Jordan, 440 U.S. 332 (1979).  Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a).  Furthermore, a state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989).  Therefore, plaintiff's claims against all defendants in their official capacities are barred by the Eleventh Amendment and are not cognizable under § 1983.  Defendants are entitled to judgment as a matter of law on issue 3 of the motion for summary judgment and the claims against all defendants in their official capacities are DISMISSED.

   A prison inmate has no right not to be convicted of prison disciplinary offenses, only a right to due process if the conviction deprives him of a liberty interest recognized by federal law.  See generally Wolfel v, McDonnell, 418 U.S. 539, 564-71

(1974)(defining scope of due process application to prison disciplinary hearings). In general,

> [a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.

Montanye v. Haymes, 427 U.S. 236, 242 (1976).

The record before this Court reveals that Chancery Court Judge Martha Brasfield determined and her order states in part:

> 1. The Petitioner was charged with violation of Tenn. Code Ann. § 39-16-402. As the Petitioner is not a state employee, Tenn. Code Ann. § 39-16-402 is inapplicable to him, and he cannot be properly charged with the violation of that law;
>
> 2. In order to prepare a defense, the Petitioner had a right to fair and reasonable notice of the charges filed against him. (U.S. Const. Amend. VI; Tenn. Const. Art. I, § 9) He had a right to know the identity of the person with whom he allegedly had an illegal relationship and a right to know the nature of the alleged relationship; and
>
> 3. The Petitioner has pled sufficient facts to allege that the disciplinary board acted illegally, fraudulently, or arbitrarily.

Accordingly, the state court determined that defendants' due process violations were "otherwise violative of the constitution" because plaintiff was deprived of the ability to defend against the charge.

Additionally, while the Court notes that due process requires only that some evidence be introduced in support of the decision of a disciplinary board, the record before it is devoid of such

evidence and the Court cannot determine that the requirements of due process were satisfied in this case. Superintendent, Massachusetts Correctional Instit., Walpole v. Hill, 472 U.S. 445, 455-57 (1985); Humphreys v. Hemingway, 77 Fed. Appx. 788 (6th Cir. Sept. 15, 2003). Because issues of fact remain to be determined on Smith's due process claim, the Court cannot yet determine if the actions of the defendants constitute cruel and unusual punishment. Therefore, Issue 5 is also DENIED.

All claims against defendants Campbell and Westbrook are dismissed in accordance with the preceding section of this order. Plaintiff's claims that his right to due process was violated and as such, that the actions of defendants Galloway and Ottinger constituted cruel and unusual punishment will proceed to trial.

This order is not a final appealable order, and it is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 24th day of May, 2006.

s/J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE