```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

JAMES ADAMS,

     Plaintiff,

vs.                                            No. 04-2605-B/An

PATRICIA GALLOWAY, et al.,

     Defendants.

_____

```
       ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION
                              AND
                     ORDER DISMISSING CASE
```
_____

    Defendants Galloway and Ottinger have filed a motion for reconsideration of the Court's order entered May 24, 2006. Defendants have provided the affidavit of Galloway which states that no accrued sentence credits were revoked as a result of Adams' disciplinary conviction and that evidence of plaintiff Adams' guilt was introduced via a confidential informant. As a result of Adams' conviction, he was given ten days in punitive segregation and assessed a $5.00 fine. Based upon the order issued by the Lauderdale County Chancery Court, the records of the disciplinary conviction were expunged from Adams' records and the $5.00 fine was returned.

    In <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), the Supreme Court outlined the procedural due process safeguards required for

disciplinary proceedings. The Court stated that in order to take away statutory good-time credits or to place a prisoner in solitary confinement, the following minimum procedural safeguards must be met: (1) advance written notice of charges; (2) written findings; and (3) generally, the right to call witnesses. Id. at 563-66. Plaintiff Adams was apparently not given advance written notice of the charge against him,[1] including the identity of the person with whom he allegedly had an illegal relationship and the nature of the alleged relationship so that he could prepare a defense.

To the extent Adams' right to due process was violated by the actions of the defendants, he received further "process." He was permitted administrative appeals and state court review by way of his Petition for Common Law and Statutory Writ of Certiorari. Although plaintiff had served his ten days in punitive segregation by the time his conviction was reversed, the prison did expunge his conviction and refund his fine. Adams was accorded a substantial amount of due process which ultimately led to expungement of his conviction from his institutional records. It is well established that "the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a

---

[1] However, according to his complaint, Adams claimed that "upon arriving at WTSP (West Tennessee State Penitentiary) Site II, punitive (sp) that he was issued a disciplinary infraction for Violation of State Law (citing T.C.A. § 39-16-402). It is unclear whether the infraction was given to the Plaintiff orally or in writing. See Plaintiff's Complaint ¶ 10 at p.3. This occurred, according to Adams, before his disciplinary hearing.

constitutional violation actionable under section 1983 arise." McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994); accord Young v. Hoffman, 970 F.2d 1154, 1156 (2d Cir. 1992); Harper v. Lee, 938 F.2d 104, 105 (8th Cir. 1991).

This Court agrees with the reasoning in these decisions and determines that Adams' due process rights were not violated where appellate review by the state court remedied whatever procedural defects occurred in the disciplinary hearing. See Harper, 938 F.2d at 105. If what took place at the disciplinary hearing alone were held to constitute a due process violation, appellate review would be unnecessary. Because Adams' procedural rights were vindicated by the state court, he was given all the process to which he was due.

The only punishment which was not rectified by the state court was plaintiff's confinement to punitive segregation. However, confinement while awaiting review which leads to the reversal of the inmate's conviction does not, in itself, violate due process. Sandin v. Conner, 515 U.S. 472, 486 (1995)(indicating that the expungement of inmate's record was an appropriate remedy where the inmate had already served his time in segregation). In Sandin, "the [United States Supreme] Court held that the plaintiff's discipline in segregated confinement was not the sort of atypical, significant deprivation that would give rise to a liberty interest entitled to due process protection." Talley v. Hesse, 91 F.3d

3

1411, 1412 (10th Cir. 1996).  The Court also determined that the prisoner's conditions essentially "mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' so the prisoner's confinement did not exceed similar, but totally discretionary confinement in either duration or degree of restriction.  Sandin 515 U.S. at 486.

Neither does plaintiff's confinement to punitive segregation implicate the cruel and unusual punishments clause of the Eighth Amendment.  See Hutto v. Finney, 437 U.S. 678, 686 (1978) (confinement to punitive isolation does not implicate cruel and unusual punishment unless conditions themselves are cruel and unusual); Sheley v. Dugger, 833 F.2d 1420, 1428-29 (11th Cir. 1987)("administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment," citing Hutto); Gibson v. Lynch, 652 F.2d 348, 352 (3d Cir. 1981)(same).  No allegation has been made by Adams that the conditions of the segregation themselves were cruel and unusual.

Accordingly, based upon further review of the submissions, the Court GRANTS the defendants' motion for reconsideration and DISMISSES the remaining claims of the complaint.  The trial scheduled to begin on June 12, 2006, is cancelled.

IT IS SO ORDERED this 8th day of June, 2006.

          s/ J. DANIEL BREEN
          UNITED STATES DISTRICT JUDGE