```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

_____

JAMES ADAMS,

        Plaintiff,

vs.                                  No. 04-2605-B/An

PATRICIA GALLOWAY, et al.,

        Defendants.

_____

```
       ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
                            AND
       ORDER REAFFIRMING APPEAL IS NOT TAKEN IN GOOD FAITH
```
_____

On June 9, 2006, the Court entered its judgment granting the Defendants' motion for reconsideration and dismissing Plaintiff Adams' complaint in its entirety.  On June 19, 2006, Plaintiff placed a motion for relief from judgment under Fed. R. Civ. P. 60(b) in the prison mail system.[1]  The motion was received and filed by the Clerk on June 27, 2006.

Adams alleges that the Court failed to address his second disciplinary conviction for the "same related incident," which was "never reversed or vacated" and from which he lost sentence credits and money.  Furthermore, he contends that the Court failed to

---

[1] Because the motion was not placed in the prison mail system within ten days of the entry of the Court's judgment, the Court does not consider the pleading as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

address the defendants acts of retaliation against him by convicting him twice.

Federal Rule Civ. P. 60(b) states, in relevant part:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . (6) any other reason justifying relief from the operation of the judgment. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Plaintiff's motion appears to be brought under Rule 60(b)(6).

The Court has reviewed the record before it.  The original complaint and subsequent pleadings did not raise any issue arising from the second disciplinary conviction or for retaliation. Accordingly, contrary to plaintiff's contention, those issues were never pending in this action and are not "ripe" for adjudication. Furthermore, because the complaint did not raise these issues, Plaintiff Adams did not allege or attach documents demonstrating that he had exhausted such issues.  He also admits that the second disciplinary conviction has not been overturned.  Those issues are not properly before the Court.

To the extent plaintiff overturns his second disciplinary conviction through disciplinary appeals or state court action or administratively exhausts his claim of retaliation, he may file a new complaint which meets his affirmative burden to:

2

>plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion).

Plaintiff's Rule 60(b) motion is devoid of substantive merit or any reason justifying relief from the Court's judgment and is DENIED.

The Court repeats its previous certification, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 20th day of July, 2006.

>s/ J. DANIEL BREEN
>UNITED STATES DISTRICT JUDGE