IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|   |   |   |
|---|---|---|
| JAMES ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 04-2605-B/An |
| | § | |
| PATRICIA GALLOWAY, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

_____

ORDER TO COMPLY WITH PLRA PROCEDURES
AND
ORDER ASSESSING APPELLATE FILING FEE
_____

On July 31, 2006, Plaintiff James Adams, prisoner number 290690, an inmate at the West Tennessee State Prison ("WTSP"), placed in the prison mail system a notice of appeal which was received and docketed by the Clerk on August 1, 2006.[1]

The same considerations that led the Court to enter an order of partial dismissal and summary judgment on May 24, 2006, and to grant the remaining defendants' motion for reconsideration of summary judgment in this case on June 8, 2006, also compel the

---

[1] On June 8, 2006, the Court granted the motion for reconsideration of the denial of summary judgment filed by Defendants Galloway and Ottinger and dismissed Plaintiff Adams' complaint in its entirety. The order of dismissal certified that any appeal would not be taken in good faith and plaintiff could not proceed in forma pauperis on appeal. The Court entered its judgment on June 9, 2006. On June 19, 2006, Plaintiff placed a motion for relief from judgment under Fed. R. Civ. P. 60(b) in the prison mail system. Because the motion was not placed in the prison mail system within ten days of the entry of the Court's judgment, the Court did not consider the pleading as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). On July 20, the Court denied the Rule 60(b) motion and reaffirmed its certification that appeal would not be taken in good faith.

conclusion that any appeal would be frivolous. The Court incorporates by reference the order of partial dismissal (docket entry 31) and the order granting the remaining defendants' motion for reconsideration (docket entry 40), noting the considerations that led the Court to dismiss plaintiff's claims in their entirety. It is again CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

In order to take advantage of these procedures, however, the plaintiff must properly complete and submit both an in forma pauperis affidavit and a prison trust fund account statement showing:

   1)   the average monthly deposits, and
   2)   the average monthly balance

for the six months prior to the filing of the notice of appeal, and

   3)   the account balance when the notice of appeal was
        submitted.

As the plaintiff has filed neither of these documents, he is ORDERED to properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above

amounts within thirty (30) days of the entry of this Order.  If he needs additional time to file the documents, he may request one thirty-day extension of time from this Court.  McGore, 114 F.3d at 610.  The Clerk of Court will provide the plaintiff a copy of the correct affidavit form with this order.

It is further ORDERED that, pursuant to 28 U.S.C. § 1915(b), the trust fund officer at plaintiff's prison shall calculate a partial appellate filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the notice of appeal.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's account are insufficient to pay the full amount of the partial appellate filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the partial appellate filing fee is paid in full.

It is further ORDERED that after the partial appellate filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to

plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $455.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of
Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name, inmate number and the case number on the first page of this order.

The plaintiff shall cooperate with prison officials in the making of these payments.  If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.

If plaintiff fails to timely file the in forma pauperis affidavit and trust fund account statement or comply with the other requirements of this order, then he may not take advantage of the "downpayment" and installment provisions.  If plaintiff fails to timely file these documents within thirty (30) days, the Court will assess the entire $455 filing fee by notifying the prison officials in charge of his trust fund account to immediately withdraw all

funds from his account and pay them to the Clerk of Court. Upon receiving the assessment of the entire fee, the prison officials must continue to withdraw all further funds credited to that account until the $455 has been paid. Moreover, if plaintiff fails to timely file these documents, this Court will notify the United States Court of Appeals for the Sixth Circuit, who will dismiss the appeal for failure to prosecute under Fed. R. App. P. 3(a). If dismissed under these circumstances, the appeal will not be reinstated, despite the subsequent payment of the filing fee and regardless of any request for pauper status.

    The Clerk will mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison, and to the United States Court of Appeals for the Sixth Circuit.

    IT IS SO ORDERED this 21st day of August, 2006.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE